UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ROY CANCHOLA, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. V-11-7 |
| § | |
| UNION PACIFIC RAILROAD CO., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is a Motion to Join Additional Defendant[s] [and] Motion for Remand (Dkt. No. 5) filed by Plaintiffs Roy and Elvira Canchola, individually and as representatives of the estate of Roland Canchola, and Becky Barajas, as next friend of minors J.R.C. and A.R.C., (collectively "Plaintiffs"), to which Defendant Union Pacific Railroad ("Union Pacific") has responded (Dkt. No. 6). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Plaintiffs' motion should be **GRANTED**.

**I. Factual and Procedural Background**

According to the facts as alleged by Plaintiffs, on July 24, 2009, at approximately 2:15 A.M, Roland Canchola ("Canchola") was killed in an automobile accident near the intersection of FM 16 and FM 1963 in Jackson County, Texas. During the accident, Canchola's body was ejected from the vehicle and came to rest on nearby railroad tracks owned by Union Pacific. According to dispatch logs, at 2:58 A.M., the Texas Department of Public Safety advised Union Pacific to shut down rail traffic in that area so that law enforcement and emergency medical personnel could assess the site, administer medical care to the passenger of the vehicle, and investigate the accident scene. Union Pacific confirmed that the track would be shut down

for two miles on either side of the accident until further notice. However, at approximately 4:22A.M, a locomotive came through the accident scene and mutilated Canchola's body, which was still laying on the tracks.

On January 20, 2011, Plaintiffs—who are all Texas residents—filed their original lawsuit against Union Pacific in the 267th District Court of Jackson County, Texas, asserting state law causes of action for intentional infliction of emotional distress, intentional abuse of a corpse, negligence, and gross negligence. On February 15, 2011, Union Pacific—which is incorporated in Delaware and has its principal place of business in Nebraska—removed the case to this Court pursuant to 28 U.S.C. § 1332, on the grounds that complete diversity exists between the Parties and the amount in controversy exceeds $75,000.

Plaintiffs now move the Court for leave to amend their complaint to name two additional defendants whose identities were unknown to Plaintiffs at the time they initiated this action: (1) Becky Galloway ("Galloway"), the Union Pacific employee who allegedly received the call to shut down rail traffic near the accident scene, and (2) Jose Luis Gonzales ("Gonzales"), a local track inspector for Union Pacific who was allegedly responsible for maintaining the tracks and communicating information from Union Pacific dispatch on the night in question. Union Pacific opposes Plaintiffs' motion on the grounds that Plaintiffs are merely attempting to destroy diversity jurisdiction, since Gonzales is a Texas resident.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction 'having only the authority endowed by the Constitution and that conferred by Congress.'" *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (quoting *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). A federal district court may exercise original diversity jurisdiction under 28 U.S.C. § 1332 only if

the plaintiffs and the defendants are completely diverse. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Id.*

The Fifth Circuit has recognized two ways for a defendant to show improper joinder[1] for purposes of federal diversity jurisdiction: (1) the plaintiff's inability to establish a claim under state law against the non-diverse defendant; or (2) actual fraud in pleading jurisdictional facts. *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573). Since Union Pacific has not alleged actual fraud, the relevant test here is whether Union Pacific has shown "absolutely no possibility" Plaintiffs will be able to establish a cause of action or that no "reasonable basis" exists for Plaintiffs' recovery against Gonzales. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (noting that these two seemingly different tests are equivalent). "The Fifth Circuit has stressed that the burden of persuasion on those who claim improper joinder is a heavy one." *KIW, Inc. v. Zurich Amer. Ins. Co.*, 2005 WL 3434977, at *2 (S.D. Tex. Dec. 15, 2005) (citing *Travis*, 326 F.3d at 647) (internal quotation marks omitted).

"'If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder.'" *Harris v. New Werner Holding, Co. Inc.*, 2009 WL 1211409, at *2 (N.D. Tex. May 1, 2009) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)) (alteration in *Harris*). A "reasonable basis" means more than a mere hypothetical basis. *Kuykendahl-WP Retail I, L.P. v. Wild Oats Mkts Inc.*, 2008 WL 728149, at *2 (S.D. Tex. Mar. 18, 2008) (citing

---

1. Although there is no substantive difference between the two terms, in the context of analyzing diversity jurisdiction, the Fifth Circuit has replaced "fraudulent joinder" with "improper joinder" as the preferred terminology. *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 568 n.1 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005)).

*Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). If there is a reasonable possibility that the plaintiff may recover on any of his claims, the case must be remanded. *Harris*, 2009 WL 1211409, at *2. In making this determination, "a court does not 'decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so.'" *Harris*, 2009 WL 1211409 at *2 (quoting *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (alterations in *Harris*).

"In determining whether a plaintiff has a 'reasonable basis' for recovery under state law, a court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *KIW*, 2005 WL 3434977, at *2 (quoting *Smallwood*, 385 F.3d at 573). In this 12(b)(6)-type analysis, the Court construes the plaintiff's complaint in the light most favorable to it, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See Prime Income Asset Mgmt. Co., Inc. v. Waters*, 2007 WL 2229050, at *2 (N.D. Tex. Aug. 3, 2007) (citing *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir.2004))

### III. Analysis

In their proposed First Amended Petition (Dkt. No. 5, Ex. F), Plaintiffs allege causes of action against Gonzales for: (1) intentional infliction of emotional distress, (2) intentional abuse of a corpse, (3) negligence, and (4) gross negligence. Specifically, Plaintiffs allege that Gonzales knew that there was an investigation of a fatality accident on Union Pacific's tracks, but he nonetheless allowed a train to run through the accident scene, thus mutilating Canchola's corpse. (*Id.* at 5.) According to Plaintiffs, but for Gonzales' breach of his duty to maintain the tracks and communicate information from Union Pacific dispatch, Plaintiffs' injuries would not have occurred.

Union Pacific has offered Gonzales' affidavit to show that "Gonzales had none of the duties or responsibilities that Plaintiffs are improperly imputing to him." (Dkt. No. 6 at 5.) Specifically, Gonzales states that he was not involved with any communications regarding shutting down rail traffic, but was merely called out to inspect whether there was any damage to the tracks following the accident. (*Id.*, Ex. A.) Union Pacific contends that this evidence proves that Plaintiffs have no chance of establishing their state law claims against Gonzales.

The Court finds that Plaintiffs have alleged facts providing a reasonable basis to predict Gonzales was at least negligent. Although "there are contested issues of fact . . . [they] must, at this jurisdictional stage, be resolved in [Plaintiffs'] favor." *See Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011) (finding that railroad engineer was not improperly joined where plaintiffs alleged facts providing a reasonable basis to find engineer was negligent); *see also Travis v. Irby*, 326 F.3d 644, 650—51 (5th Cir. 2003) (reversing district court's finding that engineer was improperly joined and noting that "simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [the plaintiff] to establish [the engineer]'s liability at trial."). Gonzales is therefore not an improper party to this action, and Plaintiffs' motion for leave to amend should be granted.[2]

With respect to Plaintiffs' motion for remand, the Court recognizes that the only basis for removal was diversity jurisdiction, and the addition of Gonzales has destroyed complete diversity. Because the Court no longer has jurisdiction over Plaintiffs' claims, the Court must grant Plaintiffs' motion and remand this case to state court for further proceedings.

---

2. Because the addition of Galloway would not impact diversity, the Court need not decide whether Galloway is a proper party to this action.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Join Additional Defendant[s] [and] Motion for Remand (Dkt. No. 5) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 26th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE